## UNITED STATES v. McKENNEY.

(District Court, W. D. Washington, S. D. November 3, 1923.)

### No. 3799.

1. **Internal revenue** ⊚⟞27(1)—**Liability of drawer of check for taxes not discharged until taxes paid in money.**

   Under Act Feb. 24, 1919, § 1314 (Comp. St. Ann. Supp. 1919, § 6371½o), providing that the liability of the drawer of an uncertified check given in payment of taxes shall remain until the check is actually paid, the liability of the drawer of a check on the K. Bank given in payment of income taxes was not discharged, where after the K. Bank had marked the check paid and charged it to drawer's account and had sent to the bank collecting the check a draft on another bank in payment thereof, payment of such draft was refused on account of failure of the K. Bank.

2. **Internal revenue** ⊚⟞27(1)—**Negligence of bank in forwarding check for tax to drawee bank not attributable to United States.**

   Even if a bank was negligent in forwarding a check received in payment of United States income tax to drawee bank for collection, under Act Feb. 24, 1919, § 1314 (Comp. St. Ann. Supp. 1919, § 6371½o), as to liability of drawer of a check given for taxes until money actually received thereon, the negligence of the revenue collector or banks was not attributable to the United States so as to discharge the drawer, but in such case the Internal Revenue Collector and banks are agents for the taxpayer until tax is paid in money.

At Law. Action by the United States against H. E. McKenney. Judgment for plaintiff.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash.

T. P. Fisk, of Kelso, Wash., for defendant.

CUSHMAN, District Judge. This cause has been submitted upon the following statement of facts:

"It is hereby agreed and stipulated by and between Thos. P. Revelle, United States attorney for the Western district of Washington and attorney for the above-named plaintiff, and T. P. Fisk, attorney for the above-named defendant, that the following statement of facts may be submitted to the court as the evidence in the above-entitled cause:

"On March 10, 1921, Mr. H. E. McKenney, above-named defendant and a resident of the city of Kelso, Wash., was indebted to the United States government in the amount of $432.08 on account of income tax for the year 1920. On the day above mentioned Mr. McKenney drew his personal check on the Kelso State Bank payable to David J. Williams then the collector of internal revenue for the district of Washington, for the sum of $432.08. His check was immediately transmitted to the collector of internal revenue at Tacoma, Wash. Upon receipt of this check in the office of the collector of internal revenue at Tacoma, there was stamped across the face of the check the following words: 'This check is in payment of an obligation to the United States and must be paid at par. No protest. David J. Williams, Collector Internal Revenue.' The following indorsement was made on the back of the check: 'Pay to the order of Seattle Branch, Federal Reserve Bank of San Francisco, California. Income and Profits Tax Account. David J. Williams, Collector of Internal Revenue.' The check was received at the office of the collector of internal revenue at Tacoma, Wash., on the 11th day of March, 1921. On the same day it was transmitted to the Seattle Branch of the Federal Reserve Bank of San Francisco, Cal., and deposited on March 12th to the

⊚⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

credit of the collector of internal revenue. The Kelso State Bank, upon which institution the check was drawn, is located within the business zone covered by the Portland Branch of the Federal Reserve Bank of San Francisco, and following the usual custom in such cases the aforementioned check was forwarded by the Seattle Branch to the Portland Branch of the Federal Reserve Bank of San Francisco. By the Portland Branch this check was forwarded direct to the Kelso State Bank. Upon receipt of the check this latter institution drew a draft on the United States National Bank of Portland, Or., and sent the draft to the Portland Branch of the Federal Reserve Bank of San Francisco. The check drawn by H. E. McKenney was cancelled 'paid' and returned to the drawer, and his account was debited in the amount of $432.08. At the time this transaction occurred the First National Bank of Kelso, a member of the federal reserve system and a national bank, was transacting a banking business in the city of Kelso, Wash.

"Subsequent to the time that the Kelso State Bank forwarded the draft on the United States National Bank of Portland to the Portland Branch of the Federal Reserve Bank of San Francisco and prior to the receipt of the draft by such branch of the Federal Reserve Bank, the supervisor of banking of the state of Washington on the 17th day of March, 1921, closed the Kelso State Bank. The draft was duly presented to the United States National Bank of Portland, Or., for payment but was refused on account of the failure of the Kelso State Bank. The Portland Branch of the Federal Reserve Bank of San Francisco thereupon returned to the Seattle Branch a copy of the original check which copy has been protested for nonpayment. The Seattle Branch in turn returned the copy of the original check to the collector of internal revenue and charged the account of the collector of internal revenue with the amount of the McKenney check, to wit, $432.08."

[1] Section 1314 (Internal Revenue Act), 40 Stat. 1057, 1145 (Comp. St. Ann. Supp. 1919, § 6371½o) provides:

"Sec. 1314. That collectors may receive, at par with an adjustment for accrued interest, certificates of indebtedness issued by the United States and uncertified checks in payment of income, war-profits and excess-profits taxes and any other taxes payable other than by stamp, during such time and under such regulations as the Commissioner, with the approval of the Secretary, shall prescribe: but if a check so received is not paid by the bank on which it is drawn the person by whom such check has been tendered shall remain liable for the payment of the tax and for all legal penalties and additions the same as if such check had not been tendered."

Whatever want of uniformity there may be in the reported cases upon the general question of when a check will be treated as payment, in view of the language of the foregoing section it is clear that Congress intended the person tendering a check in payment to the collector to remain liable for the payment of the tax until it was actually paid in money. The fact that the Kelso State Bank marked the check when presented "paid," and issued its draft on the Portland Bank in payment, did not amount to payment or in any way lessen defendant's liability to the United States. Former acts show the same intention, a change in which intention is not to be lightly presumed. Act of March 2, 1911, 36 Stat. 965 (Comp. St. § 5711); section 1010 of the Act of October 3, 1917, 40 Stat. 327 (Comp. St. 1918, § 6336qq).

In the course adopted in the transmitting of the check for collection no departure is shown from well-established banking custom in such cases, unless it be that the check was sent by the Portland Branch of the Federal Reserve Bank of San Francisco for collection to the drawee, the Kelso State Bank. The want of uniformity in the dis-

cussion upon the question whether this constitued negligence is sufficiently indicated by the following: 5 Cyc. (D) pp. 506, 507; Kershaw v. Ladd, 34 Or. 375, 56 Pac. 402, 44 L. R. A. 236; Morris-Miller Co. v. Von Pressentin, 63 Wash. 74, 78, 79, 114 Pac. 912; First Nat. Bank of Trinidad v. First Nat. Bank of Denver, Fed. Cas. No. 4,810; Farwell v. Curtis, Fed. Cas. No. 4,690.

[2] If it be conceded to be negligence on the part of the Portland Bank to so send the check to the Kelso State Bank, yet under the language of the act, section 1314, before quoted, such negligence is not to be attributed to the United States. If agency there be in the matter, the collectors and banks are agents of the taxpayers and not of the United States, until such time as the tax is paid in money.

Judgment will be for the plaintiff.